# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANTHONY K. ANDERSON,

                     *Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

                     *Respondents.*

Case No. 2:16-cv-02215-APG-PAL

**ORDER**

This habeas action by a Nevada state inmate comes before the Court for initial review following upon the filing of an amended petition and related papers (ECF Nos. 8 & 9) as well as upon petitioner's motion (ECF No. 5) for a full copy of all complete orders, second motion (ECF No. 6) for appointment of counsel, and motion (ECF No. 7) to raise his prison legal copy credit limit. Following further initial review, it appears that the Court lacks jurisdiction over the petition because it constitutes a successive petition. Petitioner accordingly will be directed to show cause why the petition should not be dismissed without prejudice for lack of jurisdiction.

### Background

Petitioner Anthony Anderson seeks to challenge his March 14, 2012, Nevada state conviction in No. C268406 in the state district court, pursuant to a guilty plea, of two counts of child abuse and neglect with substantial mental injury. He was sentenced to two consecutive terms of 36 to 144 months. He received five days credit for time served.[1]

---

[1]No. 2:15-cv-00184, ECF No. 18, Ex. 19. The Court takes judicial notice of its records in prior actions filed in this Court by petitioner – including in the prior action referenced in this note – as well as of the online docket records of the Ninth Circuit Court of Appeals, the Supreme Court of Nevada, and the Eighth Judicial District Court for the State of Nevada. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court and state supreme court may be accessed from:

(continued...)

1    In motions filed in the state district court in May and June of 2012, petitioner moved to amend

2    the March 14, 2012, judgment of conviction to instead provide an additional 432 days of presentence

3    credit for time spent on house arrest.  The district court denied the motions following May 21, 2012,

4    and June 18, 2012, hearings.  An order denying the motions was entered on June 26, 2012, and written

5    notice of denial of the motion was mailed on July 27, 2012.[2]

6    In July 2012, Anderson appealed the denial of the motions.[3]

7    Petitioner also filed a state post-conviction petition in July 2012.  The state petition and

8    supplements did not include a claim regarding the presentence credits.  The state district court denied

9    relief, and petitioner filed a notice of appeal on November 26, 2012.[4]

10   On April 9, 2013, the Supreme Court of Nevada affirmed the denial of the motions to amend

11   the judgment, in No. 61371 in that court.  The state high court held in pertinent part:

12   Preliminarily, we note that appellant sought presentence credits
     in the wrong vehicle.  A claim for additional presentence credits is a
13   challenge to the validity of the judgment of conviction and sentence that
     must be raised in a post-conviction petition for a writ of habeas corpus
14   in compliance with the procedural requirements set forth in NRS chapter
     34. See Griffin v. State, 122 Nev. 737, 744, 137 P.3d 1165, 1169 (2006).
15   Even assuming that appellant's use of the wrong vehicle could be
     overlooked, appellant's claim for additional presentence credits lacked
16   merit as time spent on house arrest is not actual confinement under NRS
     176.055(1) for purposes of awarding presentence credits.  See State v.
17   Dist. Ct. (Jackson), 121 Nev. 413, 418-19, 116 P.3d 834, 837 (2005).
     Appellant failed to provide any other specific facts in support of his
18   request for additional presentence credits.  Accordingly, we

19   ORDER the judgment of the district court AFFIRMED.[FN2]

20   [FN2] We have reviewed all documents that
     appellant submitted in proper person to the clerk of this
21   court in this matter, and we conclude that no relief based
     upon those submissions is warranted. . . . .

22

23   _____

24   [1](...continued)
     https://www.clarkcountycourts.us/Anonymous/default.aspx
25   http://caseinfo.nvsupremecourt.us/public/caseSearch.do

26   [2]No. 2:15-cv-00184, ECF No. 20, Exhs. 27-30.

27   [3]No. 2:15-cv-00184, ECF No. 20, Ex. 21.

28   [4]No. 2:15-cv-00184, ECF No. 20, Exhs. 33-35.

Order of Affirmance, No. 61371, at 1-2 (Nev., Apr. 9, 2013).[5]

A short time thereafter, on or about April 16, 2013, petitioner mailed a federal habeas petition to the Clerk of this Court for filing. The petition filed under No. 2:13-cv-00716-APG-VCF presented only one ground for relief, which challenged the denial of an additional 432 days of presentence credit.

At the time that petitioner filed the petition in No. 2:13-cv-00716, his appeal from the denial of state post-conviction relief still was pending in the Supreme Court of Nevada. At that time, no more than 96 days – at a maximum – had elapsed in the federal one-year limitation period.[6] No state or federal procedural requirement at that time prevented Anderson from waiting for the conclusion of all pending state proceedings and then presenting all of his claims for relief at that time in a single federal habeas petition.

As noted, the petition in No. 2:13-cv-00716 presented only a single ground for relief, which challenged the denial of additional presentence credit. The petition did not – otherwise – challenge the validity or duration of petitioner's confinement under the conviction and sentence pursuant to the March 14, 2012, judgment of conviction in No. C268406. However, the petition quite clearly challenged *the failure of the judgment itself* to provide an additional 432 days of presentence credit. That is, petitioner was not challenging a subsequent failure of an administrative body to properly calculate and/or provide presentence credit under the terms of the judgment. Rather, he maintained that he was entitled to federal habeas relief because the state district court had provided for only five days

---

[5]*Cf. Chambers v. McDaniel*, 549 F.3d 1191, 1195-99 (9th Cir. 2008)(in another procedural context, finding that comparable language constituted a decision on the merits for purposes of exhaustion).

[6]In the procedural posture presented at that time, the federal limitation period would have begun running under 28 U.S.C. § 2244(d)(1)(A) after the expiration of the time for seeking direct review. The period would have stopped running under § 2244(d)(2) during the pendency of a properly filed application for state post-conviction or other collateral review with respect to the judgment of conviction. The time to appeal from the March 14, 2012, judgment of conviction expired on April 13, 2012, and Anderson filed a state post-conviction petition after 96 days had elapsed, on July 19, 2012. Thus, at a maximum, only 96 days had elapsed in the federal limitation period when petitioner filed his first federal habeas petition in No. 2:13-cv-00716. Even less time would have elapsed if petitioner's March 9, 2012, motion for reconsideration of sentence (on another issue) and/or his May 9, 2012, and June 6, 2012, motions to amend the judgment (on the presentence credit issue) were regarded as applications for other collateral review for purposes of § 2244(d)(2). Even without also excluding time from the running of the limitation period based upon the pendency of proceedings on those filings, Anderson clearly was under no procedural compulsion to seek federal habeas relief when No. 2:13-cv-00716 was filed due to any potential time-bar issue.

1   presence credit in the judgment itself without also providing an additional 432 days of presentence

2   credit in the judgment.  He thus challenged the duration of his confinement under the terms of the

3   judgment, maintaining that the portion of the judgment providing only five days presentence credit

4   should be overturned on federal habeas review.

5   　　　　On May 15, 2013, this Court denied the petition in No. 2:13-cv-00716 on the merits.  The Court

6   held that even if Nevada *arguendo* otherwise had created a constitutionally protected liberty interest

7   in credit for time served, that liberty interest did not extend to time spent on house arrest given the

8   governing Nevada statute and jurisprudence.[7]  The Ninth Circuit thereafter denied a certificate of

9   appealability on August 30, 2013, under No. 13-16232 in that court.

10   　　　　Thereafter, on September 18, 2013, the Supreme Court of Nevada issued an order in No. 62182

11   in that court regarding Anderson's state post-conviction petition affirming in part, reversing in part, and

12   remanding.  The state high court remanded for an evidentiary hearing on a claim that defense counsel

13   had failed to file a requested direct appeal.  On remand, the state district court granted petitioner an out-

14   of-time appeal pursuant to Nevada Rule of Appellate Procedure 4(c).  Petitioner filed an out-of-time

15   direct appeal from the judgment of conviction on or about March 21, 2014.[8]

16   　　　　On or about January 12, 2015, while the out-of-time state direct appeal still was pending,

17   petitioner mailed a federal habeas petition for filing to the Clerk of this Court, which was docketed

18   under No. 2:15-cv-00184-JAD-CWH.  On October 26, 2015, the Court dismissed the petition without

19   prejudice as premature due to the still-pending state court direct appeal.  Neither the respondents nor

20   the Court *sua sponte* raised any issues regarding the prior habeas petition in No. 2:13-cv-00716 during

21   the pendency of the petition in 2:15-cv-00184.[9]

22   　　　　On February 17, 2016, the Ninth Circuit denied a certificate of appealability on petitioner's

23   appeal from the dismissal of 2:15-cv-00184, in No. 15-17263 in that court.  The court's order stated,

24   *inter alia*, that "[t]he denial of appellant's habeas petition . . . does not preclude him from filing a new

25

26   　　　　[7]No. 2:13-cv-00716, ECF No. 5, at 2.

27   　　　　[8]No. 2:15-cv-00184, ECF No. 20, Exhs. 39-43.

28   　　　　[9]No. 2:15-cv-00184, ECF No. 29.

1  section 2254 petition within an applicable statute of limitations period, once his conviction is final and

2  he has exhausted his state court remedies."  The order of the Court of Appeals did not address,

3  however, any issues regarding Anderson's prior habeas petition in No. 2:13-cv-00716, which had not

4  been raised in the proceedings below.[10]

5       Meanwhile, on November 19, 2015, the Nevada Court of Appeals affirmed petitioner's

6  conviction on the out-of-time direct appeal, under No. 65290 in the state appellate courts.  No further

7  proceedings were had therein, and the Supreme Court of Nevada issued the remittitur on December 16,

8  2015.

9       Petitioner filed a second state post-conviction petition on December 7, 2015.  The state district

10  court denied relief on the merits, and the Nevada Court of Appeals affirmed on August 16, 2016, under

11  No. 69858 in the state appellate courts.  No further proceedings were had therein, and the Supreme

12  Court of Nevada issued the remittitur on September 12, 2016.

13       On or about September 13, 2016, petitioner mailed the original petition in this matter to the

14  Clerk for filing.

15       No intervening amended or corrected judgment of conviction has been filed in the state district

16  court in No. C268406 at any time since the March 14, 2012, judgment of conviction.

17       Review of the Ninth Circuit's online docket records reflects that petitioner has not obtained

18  authorization from the Court of Appeals to pursue a second or successive petition pursuant to 28 U.S.C.

19  § 2244(b)(3)(A).[11]

20

21       [10]2:15-cv-00184, ECF No. 42.

22       [11]Petitioner asserts in response to petition form inquiries in his original and amended petitions that he has

23  obtained such permission.  However, no application for such authorization was filed in the Court of Appeals.  The Ninth

    Circuit's February 17, 2016, order in No. 15-17263 denying a certificate of appealability as to this Court's No.  2:15-cv-

24  00184 reflected only that the dismissal of *that* action without prejudice did not preclude a later action.  The February 17,

    2016, order: (a) did not address any issues following upon the denial of Anderson's first federal habeas petition in No.

25  13-cv-00716 on the merits; and (b) in all events did not constitute the grant of an application for authorization to file a

    second or successive petition under § 2244(b)(3)(A).

26

27       Petitioner further indicates in response to petition form inquiries that he filed a prior habeas petition under "cv-

    01607."  In 2:12-cv-01607-MMD-VCF, Anderson filed a civil rights action under 42 U.S.C. § 1983 seeking to challenge

28  his conviction and sentence.  The Court dismissed that action without prejudice because, *inter alia*, petitioner's claims

                                                                    (continued...)

                                              -5-

***Successive Petition***

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition.  A federal district court does not have jurisdiction to entertain a successive petition absent such permission.  *E.g., Burton v. Stewart*, 549 U.S. 147, 149 & 152-53 (2007).

In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously partially challenged in No. 2:13-cv-00716.  The present petition constitutes a second or successive petition because that prior petition was dismissed on the merits.  *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9ᵗʰ Cir. 2005).

The present petition is no less successive because claims in the present petition were not exhausted when petitioner filed his first petition and the claims thus would have been premature at that time.  As the Supreme Court stated in *Burton*:

> . . . . There is no basis in our cases for supposing . . . that a petitioner with unexhausted claims who . . . elects to proceed to adjudication of his exhausted claims . . . may later assert that a subsequent petition is not "second or successive" precisely because his new claims were unexhausted at the time he filed his first petition.  This reasoning conflicts with both [*Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)] and § 2244(b) and would allow prisoners to file separate habeas petitions in the not uncommon situation where a conviction is upheld but a sentence is reversed.  Such a result would be inconsistent with both the exhaustion requirement, with its purpose of reducing "piecemeal litigation," *Duncan v. Walker*, 533 U.S. 167, 180, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), and AEDPA, with its goal of "streamlining federal habeas proceedings," *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

549 U.S. at 154.

Petitioner elected to proceed to federal court in No. 2:13-cv-00716 despite the fact that – at the time that he filed his first federal petition – he then had an appeal pending in the Supreme Court of Nevada from the denial of, *inter alia*, his claim that he had been denied a direct appeal due to

---

[11](...continued)
were not cognizable under § 1983.  Petitioner's untimely appeal was dismissed by the Court of Appeals for lack of jurisdiction.  The present petition is successive not because of the proceedings in the civil rights action in No. 2:12-cv-01607 but instead because of the dismissal of the prior federal habeas petition in No. 2:13-cv-00716 on the merits.

ineffective assistance of counsel.  It is this election – petitioner's decision to not wait for the outcome of then-pending state proceedings – that has created the piecemeal litigation now before this Court that the successive petition rule is intended to preclude.  The situation presented in truth is no different from any other situation where a habeas petitioner with an exhausted claim unilaterally elects to proceed to federal court despite the fact that additional state court proceedings either then are pending or thereafter will be needed to exhaust additional claims.  As noted in the procedural recital, no state or federal procedural requirement prevented petitioner from waiting for the conclusion of all state proceedings and then presenting all of his claims for relief at one time in a single federal habeas petition.[12]  Under controlling Supreme Court precedent, the fact that the present federal petition challenges the same judgment of conviction as the prior petition – with no intervening judgment – leads to the conclusion that the present petition constitutes a successive petition.  *E.g., Burton*, 549 U.S. at 155-57.  The Court therefore lacks jurisdiction over the petition.  549 U.S. at 149, 152-53 & 157.

Petitioner accordingly must show cause why the petition should not be dismissed for lack of jurisdiction as a successive petition.

### *Pending Motions*

Petitioner's motion (ECF No. 5) for a full copy of all complete orders maintains that he did not receive a full copy of the Court's prior order (ECF No. 3) directing, *inter alia*, that he amend the original petition to correct numerous deficiencies therein.  Petitioner nonetheless filed an amended petition a short time thereafter, although the amended petition still is deficient in a number of respects.  The Court will grant the motion to the extent that it will direct the Clerk to send petitioner another copy

---

[12]As discussed in note 6, *supra*, at a maximum, only 96 days of the federal limitation period had elapsed as of the time that petitioner filed his first federal petition.  Either a state post-conviction, other collateral review, or direct review proceeding was pending continuously thereafter through to September 12, 2016.  That is, petitioner's timely-filed first state petition was pending continuously following the April 16, 2013, constructive filing of the first federal petition through to at least the April 9, 2014, expiration of the time to appeal after the March 10, 2014, notice of the state district court's order on the petition. His out-of-time direct appeal was pending from March 21, 2014, through to the issuance of the remittitur on December 16, 2015, even without also considering the ninety-day period for seeking *certiorari* review and the potential application of *Jimenez v. Quarterman*, 555 U.S. 113 (2009).  (*Jimenez* addressed an out-of-time appeal granted only "before the defendant has first sought federal habeas relief."  555 U.S. at 121.)  And, finally, petitioner's second, timely-filed state petition was pending from December 7, 2015, through to the issuance of the remittitur on September 12, 2016.  Even as of this writing, it appears that petitioner still has substantial time left in the federal one-year limitation period.  (Petitioner at all times remains responsible for calculating the federal limitation period and timely and properly presenting his claims.)

of the prior order.[13]

Petitioner's second motion (ECF No. 6) for appointment of counsel will be denied.  The Court discussed in the prior order (ECF No. 3) the bases for its finding that the interests of justice did not require that counsel be appointed.  Nothing in the second motion leads to a different finding by the Court.  The matter of which judicial officers and which individual court personnel are or are not working on the matter at any given time is not petitioner's concern and provides no basis for the appointment of counsel herein.

Petitioner's motion (ECF No. 7) to raise his legal copy credit limit seeks a $35.00 increase in his credit limit. Petitioner asserts that he has exceeded his $100.00 copy credit limit.  However, he does not attach any supporting documentation showing, for example, that a request for legal copies was denied because he had reached the credit limit.  Out of an abundance of caution, and to assure that this matter can be addressed expeditiously, the Court will grant the motion in part to the extent of a $10.00 increase.

**IT THEREFORE IS ORDERED** that, within **thirty (30) days** of entry of this order, petitioner shall show cause in writing why the petition, as amended, should not be dismissed for lack of jurisdiction as a successive petition.  If petitioner does not timely respond to this order, the petition will be dismissed as a successive petition without further advance notice.

**IT IS FURTHER ORDERED** that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal

---

[13]Petitioner has filed similar motions previously in No. 3:13-cv-00536-MMD-VPC, ECF No.  5, and No. 2:15-cv-00184-JAD-CWH, ECF No. 32.  Petitioner will get only one service copy of orders following their filing.

With regard to the procedural history summarized herein, the Court found in No. 39 in No. 2:15-cv-00184 – after respondents' response and petitioner's reply – that petitioner had been served in September 2015 with the 81 state court record exhibits filed by the respondents in that action.  The Court will not entertain any requests seeking to delay disposition of the current show-cause inquiry on the premise that petitioner does not have adequate records of his prior procedural history, which is fully canvassed in this order.

1  record. Petitioner thus must attach copies of all materials upon which he bases his argument that the

2  petition should not be dismissed as a successive petition.  Unsupported assertions of fact will be

3  disregarded.  No requests for extension of time to respond to this order will be entertained absent

4  extraordinary circumstances.[14]

5     **IT FURTHER IS ORDERED** that petitioner's motion (ECF No. 5) for a full copy of all

6  complete orders is GRANTED IN PART to the extent that the Clerk shall SEND petitioner: (a) another

7  copy of ECF No. 3 from this action, as well as (b) a copy of ECF No. 1-1 (*i.e.,* the petition) together

8  with ECF No. 5 and ECF No. 6 (the dismissal order and judgment) in No. 2:13-cv-716-APG-VCF.

9     **IT FURTHER IS ORDERED** that petitioner's second motion (ECF No. 6) for appointment

10  of counsel is DENIED.

11     **IT FURTHER IS ORDERED** that petitioner's motion (ECF No. 7) to raise his legal copy

12  credit limit is GRANTED IN PART to the limited extent that the Nevada Department of Corrections

13  shall increase petitioner's copy credit limit by ten dollars ($10.00) over and above any increase

14  currently provided for by any other court order.

15     The Clerk further shall SEND a copy of this order to the attention of the **Chief of Inmate**

16  **Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702**, in

17  connection with inmate Anthony K. Anderson, #1082999.

18     DATED: November 17, 2016.

19

20

21     _____

22     ANDREW P. GORDON
       United States District Judge

23

24

25

26

27     [14]The Court defers further initial review of the amended petition and addendum pending consideration of the jurisdictional issue.  It is apparent from a preliminary review that the papers presented did not correct all of the deficiencies identified in the prior order.

28