UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY K. ANDERSON,

*Petitioner*,

vs.

BRIAN WILLIAMS, *et al.*,

*Respondents.*

Case No. 2:16-cv-02215-APG-PAL

**ORDER**

This habeas action by a Nevada state inmate comes before the Court on a *sua sponte* inquiry as to whether the petition should be dismissed as a successive petition. This order follows upon the Court's earlier show-cause order and petitioner's response thereto. ECF Nos. 10 & 11.

*Background*

Petitioner Anthony Anderson seeks to challenge his March 14, 2012, Nevada state conviction in No. C268406 in the state district court, pursuant to a guilty plea, of two counts of child abuse and neglect with substantial mental injury. He was sentenced to two consecutive terms of 36 to 144 months. He received five days credit for time served.

The Court adopts herein the full recital of the state and federal procedural history from the prior order, which is unchallenged by petitioner, as if set forth herein *in extenso*. See ECF No. 10, at 1-5.

Petitioner previously pursued a federal habeas petition in this Court in No. 2:13-cv-00716-APG-VCF. At the time that petitioner filed the prior federal petition, his appeal from the denial of state post-conviction relief still was pending in the Supreme Court of Nevada. At that time, no more than 96 days – at a maximum – had elapsed in the federal one-year limitation period. No state or federal procedural

requirement at that time prevented Anderson from waiting for the conclusion of all pending state proceedings and then presenting all of his claims for relief at that time in a single federal habeas petition. See ECF No. 10, at 2-3; see also *id.*, at 7 n.12.

The petition in No. 2:13-cv-00716 presented only a single ground for relief, which challenged the denial of additional presentence credit. The petition did not – otherwise – challenge the validity or duration of petitioner's confinement under the conviction and sentence pursuant to the March 14, 2012, judgment of conviction in No. C268406. However, the petition quite clearly challenged *the failure of the judgment itself* to provide an additional 432 days of presentence credit. That is, petitioner was not challenging a subsequent failure of an administrative body to properly calculate and/or provide presentence credit under the terms of the judgment. Rather, he maintained that he was entitled to federal habeas relief because the state district court had provided for only five days presentence credit in the judgment itself without also providing an additional 432 days of presentence credit in the judgment. He thus challenged the duration of his confinement under the terms of the judgment, maintaining that the portion of the judgment providing only five days presentence credit should be overturned on federal habeas review.

On May 15, 2013, this Court denied the petition in No. 2:13-cv-00716 on the merits. The Court held that even if Nevada *arguendo* otherwise had created a constitutionally protected liberty interest in credit for time served, that liberty interest did not extend to time spent on house arrest given the governing Nevada statute and jurisprudence.[1] The Ninth Circuit thereafter denied a certificate of appealability on August 30, 2013, under No. 13-16232 in that court.

On or about September 13, 2016, petitioner mailed the original petition in this matter to the Clerk for filing.[2]

No intervening amended or corrected judgment of conviction has been filed in the state district court in No. C268406 at any time since the March 14, 2012, judgment of conviction.

---

[1] No. 2:13-cv-00716, ECF No. 5, at 2.

[2] The show-cause order summarizes additional intervening state and federal procedural history. See ECF No. 10, at 4-5.

Review of the Ninth Circuit's online docket records reflects that petitioner has not obtained authorization to pursue a second or successive petition pursuant to 28 U.S.C. § 2244(b)(3)(A).[3]

### *Discussion*

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition can be filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *E.g., Burton v. Stewart*, 549 U.S. 147, 149 & 152-53 (2007).

In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously challenged in part in No. 2:13-cv-00716. The present petition constitutes a second or successive petition because that prior petition was dismissed on the merits. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

The present petition is no less successive because claims in the present petition were not exhausted when petitioner filed his first petition and the claims thus would have been premature at that time. As the Supreme Court stated in *Burton*:

> . . . . There is no basis in our cases for supposing . . . that a petitioner with unexhausted claims who . . . elects to proceed to adjudication of his exhausted claims . . . may later assert that a subsequent petition is not "second or successive" precisely because his new claims were unexhausted at the time he filed his first petition. This reasoning conflicts with both [*Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)] and § 2244(b) and would allow prisoners to file separate habeas petitions in the not uncommon situation where a conviction is upheld but a sentence is reversed. Such a result would be inconsistent with both the exhaustion requirement, with its purpose of

---

[3]Petitioner asserts in response to petition form inquiries in his original and amended petitions that he has obtained such permission. However, no application for such authorization was filed in the Court of Appeals. The Ninth Circuit's February 17, 2016, order in No. 15-17263 denying a certificate of appealability as to this Court's No. 2:15-cv-00184 reflected only that the dismissal of *that* action without prejudice did not preclude a later action. The February 17, 2016, order: (a) did not address any issues following upon the denial of Anderson's first federal habeas petition in No. 13-cv-00716 on the merits; and (b) in all events did not constitute the grant of an application for authorization to file a second or successive petition under § 2244(b)(3)(A).

Petitioner further indicates in response to petition form inquiries that he filed a prior habeas petition under "cv-01607." In 2:12-cv-01607-MMD-VCF, Anderson filed a civil rights action under 42 U.S.C. § 1983 seeking to challenge his conviction and sentence. The Court dismissed that action without prejudice because, *inter alia*, petitioner's claims were not cognizable under § 1983. Petitioner's untimely appeal was dismissed by the Court of Appeals for lack of jurisdiction. The present petition is successive not because of the proceedings in the civil rights action in No. 2:12-cv-01607 but instead because of the dismissal of the prior federal habeas petition in No. 2:13-cv-00716 on the merits.

> reducing "piecemeal litigation," *Duncan v. Walker*, 533 U.S. 167, 180, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), and AEDPA, with its goal of "streamlining federal habeas proceedings," *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

549 U.S. at 154.

Petitioner elected to proceed to federal court in No. 2:13-cv-00716 despite the fact that – at the time that he filed his first federal petition – he then had an appeal pending in the Supreme Court of Nevada from the denial of, *inter alia*, his claim that he had been denied a direct appeal due to ineffective assistance of counsel.[4]  It is this election – petitioner's decision to not wait for the outcome of then-pending state proceedings – that has created the piecemeal litigation now before this Court that the successive petition rule is intended to preclude.  The situation presented is no different from any other situation where a habeas petitioner with an exhausted claim unilaterally elects to proceed to federal court despite the fact that additional state court proceedings either then are pending or thereafter will be needed to exhaust additional claims.  As noted in the procedural recital, no state or federal procedural requirement prevented petitioner from waiting for the conclusion of all state proceedings and then presenting all of his claims for relief at one time in a single federal habeas petition.  Under controlling Supreme Court precedent, the fact that the present federal petition challenges the same judgment of conviction as the prior petition – with no intervening judgment – leads to the conclusion that the present petition constitutes a successive petition.  *E.g., Burton*, 549 U.S. at 155-57.  The Court therefore lacks jurisdiction over the petition.  549 U.S. at 149, 152-53 & 157.

Petitioner's show-cause response does not lead to a contrary conclusion.

Petitioner urges that the amended petition should not be considered to be successive because the Court ordered that the original petition in this action be amended on October 11, 2016. See ECF No. 3. The filing of an amended petition in response to an initial screening order has nothing to do with the petition in this matter being successive.  The petition has been successive from the outset of this action because it is successive to the petition in No. 2:13-cv-00716 that was denied on the merits.

---

[4]Prior to the filing of No. 2:13-cv-00716, petitioner had separately exhausted his federal constitutional claim challenging the denial of further presentence credit in the judgment, through to the Supreme Court of Nevada. See ECF No. 10, at 2-3 & n. 5.

1          Petitioner further urges that the petition should not be dismissed as successive because counsel
2  must be appointed.  He maintains that appointment of counsel is required unless he waives the
3  appointment.  Whether a petition is successive is not contingent upon whether or not counsel is
4  appointed.  Moreover, as the Court previously noted in this action, there is no Sixth Amendment right
5  to counsel in a federal habeas matter.  There thus is no requirement that counsel must be appointed if
6  the petitioner does not waive counsel.  The Court has found twice that the interests of justice do not
7  require the appointment of counsel herein.  See ECF No. 3, at 1-2; ECF No. 10, at 8.  The Court again
8  finds, for a third time, that the interests of justice do not require the appointment of counsel.

9          Petitioner next contends that he is actually innocent of the two counts of child abuse and neglect
10  with substantial mental injury because he maintained during the plea colloquy that he only disciplined
11  the children.  He further refers to recantation testimony.

12          Petitioner entered a guilty plea, not an *Alford* plea.  During the plea colloquy, the following
13  exchanged occurred:

>          THE COURT: What did you do, sir, between October of 1999,
>  the 1st day of October of that year, and the 31st of August of 2009 that
>  causes you to enter a plea of guilty to these two charges?
>
>          THE DEFENDANT: I disciplined my children.
>
>          THE COURT: Well, sir, disciplining your children is not a
>  crime.  It says here as to Count 1 that you –
>
>          MR. ODGERS: I think what he's trying to say to the Court is
>  that in his mind what he was doing was disciplining his children.  The
>  State and CPS have learned that's not the appropriate way.
>
>          THE COURT: Well, we'll go into that at sentencing.  It says
>  here, listen carefully, that you hit or punched in the chest, or hit the
>  individuals with a belt, or threw them to the ground and kicked and
>  punched the body of [A.A.], and/or [Z.A.] resulting in substantial mental
>  injuries.
>
>          Did you do that, sir?
>
>          THE DEFENDANT: Yes, sir.
>
>          THE COURT: As to Count 2, is it [C.P.]?  Who is that?
>
>          THE DEFENDANT: My stepdaughter.
>
>          THE COURT: And [K.S.]?

| | |
|---|---|
| 1 | THE DEFENDANT: Stepdaughter. |
| 2 3 | THE COURT: It says here you touched one or more or both of these girls in a manner that they objected to, and it resulted in substantial mental injury to these girls.  Did that occur, sir? |
| 4 | THE DEFENDANT: Yes, sir. |

No. 2:15-cv-00184, ECF No. 18, Ex. 8, at electronic docketing pages 8-10.

Regardless of how petitioner may characterize his actions in his own mind, the facts to which he admitted during the plea colloquy establish guilt of child abuse and neglect with substantial mental injury.

To the further extent that petitioner relies upon recantation testimony, the state district court heard the recantation testimony and did not find it credible. See No. 2:15-cv-00184, ECF No. 18, Ex. 15, at electronic docketing pages 5-12.  Moreover, the state district court heard the recantation testimony and made this credibility determination in February 2012, well prior to petitioner's first federal habeas petition. See No. 2:15-cv-00184, ECF No. 18, Exhs. 14 (contains two transcripts) & 15.

It thus would appear to be unlikely that petitioner can establish actual innocence based upon a newly-discovered factual predicate satisfying the applicable standard in 28 U.S.C. § 2244(b)(2)(B).[5] In all events, petitioner would have to make a *prima facie* showing in that regard in the first instance

---

[5]Section 2244(b)(2)(B) provides:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

. . . . .

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence; and

( ii ) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

to the court of appeals in an application filed in that court for permission to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(C). This Court does not have jurisdiction to entertain a successive petition unless petitioner obtains permission to pursue the successive petition from the court of appeals.

Petitioner's extensive argument in the show-cause response on the merits of his underlying claims – including his allegations that the state court judges engaged in treason by violating their oaths of office – further does not establish that the current petition is not successive.

Finally, petitioner maintains that he has not been provided a sufficient increase in his prison legal copy credit limit. ECF No. 13, at 1. The extensive materials that petitioner copied with the recently authorized increase were not pertinent to the issue of whether the current petition is a successive petition. See ECF No. 13. He has not identified any specific relevant exhibits that would establish that the petition is not successive that he has been unable to copy and present to the Court.[6]

**IT THEREFORE IS ORDERED** that this action shall be DISMISSED without prejudice for lack of jurisdiction as a successive petition.

**IT FURTHER IS ORDERED**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk of Court shall make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office, that the Clerk shall direct regenerated notices of electronic filing of the prior filings herein to the attorney general, and that counsel shall file a notice of appearance within **twenty-one (21) days** of entry of this order.  **No other response is required from respondents other than to respond to any orders of a reviewing court.**

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the district court's dismissal of the successive petition without prejudice to be debatable or wrong, for the reasons discussed herein.

---

[6]The show-cause order directed petitioner only to show cause why the petition should not be dismissed as successive. The order did not direct petitioner to file a second amended petition, much less one with voluminous exhibits. The instructions for the petition form that were sent previously to petitioner instead state in pertinent part that exhibits should not be submitted with the petition, other than the final state court written decisions regarding the conviction. The Court granted petitioner's request for an increase in his copy credit limit in connection with a response to the show-cause order, not to file unnecessary exhibits with a second amended petition.

The Clerk further shall SEND petitioner a copy of ECF Nos. 11-13 with this order.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: December 16, 2016.

_____
ANDREW P. GORDON
United States District Judge